UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO: 1:24-cv-00254

JANE DOE L.Y. AND JUNE DOE A.D.,  )
                                   )
    Plaintiffs,                    )
                                   )
v.                                 )
                                   )
TRAILS ACADEMY, LLC, TRAILS        )
CAROLINA, LLC., TRAILS             )
MOMENTUM A/K/A TRAILS              )
CAROLINA, WILDERNESS               )
TRAINING & CONSULTING, LLC         )
D/B/A FAMILY HELP & WELLNESS,      )
WTC HOLDCO, LLC, WTCSL, LLC        )
AND UNNAMED ENTITIES 1-10          )
                                   )
    Defendants.                    )

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PROCEED UNDER PSEUDONYM**

## I. Introduction

Plaintiffs in this action, by and through their attorney, respectfully ask the Court to grant leave to proceed under pseudonym. The facts of this case, as detailed in the Complaint, involve the claims of unfair and unethical business practices arising from Defendants' marketing, referral and sale of residential programming for individuals, including their son, who thereby suffered severe emotional, psychological, and sexual abuse and significant neglect by Defendants' staff and employees. These allegations are sensitive and highly personal. Plaintiffs fear reprisal from Defendants against them and their son, who was a resident, should their identity become public knowledge in the context of this litigation.

Plaintiffs further wish to protect and guard against the release of their identity due to the highly personal and private nature of abuse history and mental health information which would be

forever associated with them and their son if it was publicized. The facts and circumstances at issue in this litigation will require Plaintiffs to disclose information of the utmost intimacy. Moreover, Defendants are not prejudiced by Plaintiffs proceeding in pseudonym, and Plaintiff's names have been shared already with counsel for Defendants. Accordingly, Plaintiffs' identities should be protected from public disclosure in court records at this time.

As such, Plaintiffs Jane Doe L.Y. and June Doe A.D, request this Court to permit them to proceed pseudonymously, to permit the filing of all unredacted personally identifying documents under seal, and to require redaction of any identifying information filed in Court by any party to this action or third-party. Alternatively, should the Court not be inclined to grant this motion, for whatever reason, Plaintiffs respectfully request the opportunity to amend their complaint, with the amendment relating back to the date of original filing.

## II.  Plaintiffs' Request to Proceed in Pseudonym Should be Granted

Rule 10 of the Federal Rules of Civil Procedure that provides that every Complaint must include a title that names all of the parties, is subject to certain exceptional circumstances, such as those applicable here, where, *inter alia*, compelling concerns relating to personal privacy or confidentiality warrant some degree of anonymity in judicial proceedings. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) ("under appropriate circumstances anonymity may, as a matter of discretion, be permitted"). Interests that the Fourth Circuit have found sufficiently compelling include protecting the privacy interests of trial participants, such as victims or witnesses, like Plaintiffs. *See e.g. Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) ("compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym.").

In weighing whether to permit a party to proceed pseudonymously, the Fourth Circuit has developed a non-exhaustive list of relevant factors including: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and, (5) "the risk of unfairness to the opposing party." *Id.* (*quoting James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Additionally, the Court should weigh this reasoning with the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

The various factors considered by courts in determining whether to allow Plaintiffs to proceed with pseudonymous status demonstrate the necessity in this case.

1. **This litigation involves matters of the utmost intimacy that are sensitive and highly personal in nature.**

This litigation involves the disclosure of highly personal mental health information and abuse. As detailed in Plaintiffs' complaint, Plaintiffs' son suffered psychological, physical, and sexual abuse in a program for children and young adults. Plaintiffs' son had just turned 18 and was targeted by Defendants because of his history of mental health difficulties throughout his teenage years. Defendants preyed upon the Plaintiffs' desperation to seek access to a place where their some could heal and grow, yet it only resulted is significant damage and abuse to their son, and to the Plaintiffs, having devastating affects on their relationship with their son. This factor weighs in the favor of Plaintiffs proceeding in pseudonym.

## 2. Identification poses risks to Plaintiffs.

Another factor is "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously]…" *Sealed Plaintiff*, 537 F.3d at 190. If Plaintiffs are identified publicly, they risk retaliatory physical and mental harm from Defendants and Defendants staff and employees. As Plaintiffs' Complaint details, Defendants went to extraordinary lengths to prevent students, including Plaintiff, from reporting abuse and neglect in their programming.

Plaintiffs' legitimate fear of reprisal to them and their son extends to the community at large. Plaintiffs also fear stigma from their current and future job prospects and community if their true identity was revealed in the public record. Plaintiffs legitimately fear that if their identifying information is disclosed to the general public, it will affect their and their son's personal and professional reputation and ability to secure employment opportunities. This factor weighs in the favor of Plaintiffs proceeding in pseudonym.

## 3. Plaintiffs' vulnerability as Parents of a young adult with mental health challenges weigh in favor of proceeding in pseudonym

The third *James* factor weighs in favor of allowing Plaintiffs to proceed under a pseudonym. Plaintiffs are vulnerable parents who were manipulated by the Defendants. While the Plaintiffs' son is not minor, he had just recently turned 18 at the time of the abuse and neglect and was further in a vulnerable position because of his mental health, and identifying his parents will lead to identifying him. As Plaintiffs and their son continue to suffer from traumatic stress and with other mental health difficulties as a result of the misconduct of the Defendants, Plaintiffs, and their son, remain a member of a vulnerable population warranting protection afforded by allowing him to proceed in pseudonym. Currently, the Plaintiffs' son is enrolled in college and beginning to build his young adult life. Plaintiffs are trying to rebuild their relationship with their son, keeping

their identity protected is the only way to allow these vulnerable individuals to continue to heal. This factor weighs in the favor of proceeding in pseudonym.

4. **As there is no government party to this case, the Fourth factor weighs in favor of not disclosing Plaintiffs' names.**

The fourth *James* factor further weighs in favor of proceeding in pseudonym as all parties, both the plaintiffs and all defendants, are private entities and/or individuals. As there are no governmental parties named in the instant Complaint, there is no interest in government misconduct at interest here. This factor weighs in the favor of Plaintiffs proceeding in pseudonym.

5. **The Defendants are not prejudiced by allowing Plaintiffs to proceed under pseudonym.**

The fifth *James* factor weighs in favor of allowing the Plaintiffs to proceed under a pseudonym because the Defendants will not experience any unfairness or prejudice as a result of protecting Plaintiffs' names from public disclosure. Plaintiffs are not seeking to withhold their identity from Defendants or the Court, only the public. Indeed, Plaintiffs' identities have already been revealed to counsel for Defendants. Therefore, Defendant's ability to investigate and defend against Plaintiffs' claims will not be prejudiced. Plaintiffs simply seek redaction of Plaintiffs' personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiffs' identities in a manner that will compromise their safety, personal life or current and/or future employment prospects.

Plaintiffs' concerns are not outweighed by any countervailing considerations. Crucially, there is no unfairness or prejudice to Defendants because Plaintiffs' identities are being shielded only from the general public, not from Defendants. In this case, the public's interest in the litigation will not be furthered by disclosure of Plaintiffs' identities. The lawsuit raises questions of law about whether the Defendants knowingly adopted a practice of targeting consumers in vulnerable parents, misrepresenting the nature of their programming and services, and engaging in unethical

and coercive business practices in order to maintain consumers' business. The identities of the specific Plaintiffs here are not relevant to public assessment of those issues. This factor weighs in the favor of Plaintiffs proceeding in pseudonym.

III.     Conclusion

For the reasons stated herein, the Court should allow Plaintiffs to proceed under a pseudonym and to seal related personally identifying information. Should the Court be inclined to deny Plaintiffs' motion, Plaintiffs respectfully request leave to amend the complaint with the amendment relating back to the date of original filing.

Dated: October 11, 2024

**RESPECTFULLY SUBMITTED,**

/s/ *Joel R. Rhine*
RHINE LAW FIRM, P.C.
Joel R. Rhine, NCSB 16028
Email: jrr@rhinelawfirm.com
Ruth A. Sheehan, NCSB 48069
Email: ras@rhinelawfirm.com
John Bruno, NCSB 54775
Email: jab@rhinelawfirm.com
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Tel: (910) 772-9960
Fax: (910) 772-9062

/s/ *Kimberly Dougherty*
Kimberly A. Dougherty, Esq.
*(pending pro hac vice admission)*
Martha Carol, Esq.
*(pending pro hac vice admission)*
JUSTICE LAW COLLABORATIVE
210 Washington St.
North Easton, MA 0256
(508) 230-2700
kim@justicelc.com
martha@justicelc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to all parties and or counsel of record in this action.

/s/ *Joel R. Rhine*
RHINE LAW FIRM, P.C.
Joel R. Rhine, NCSB 16028
Email: jrr@rhinelawfirm.com
Ruth A. Sheehan, NCSB 48069
Email: ras@rhinelawfirm.com
John Bruno, NCSB 54775
Email:
jab@rhinelirm.com
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Tel: (910) 772-9960
Fax: (910) 772-9062