| | |
|---|---|
| JANE DOE, L.Y. AND JUNE DOE, A.D.,<br><br>                                            **Plaintiff,**<br><br>v.<br><br>TRAILS ACADEMY, LLC, TRAILS CAROLINA, LLC, TRAILS MOMENTUM A/K/A TRAILS CAROLINA, WILDERNESS TRAINING & CONSULTING, LLC D/B/A FAMILY HELP & WELLNESS, WTC HOLDCO, LLC, WTCSL, LLC and UNNAMED ENTITIES 1-10,<br><br>                                           **Defendants.** | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR 12(B)(1) MOTION TO DISMISS OR OTHERWISE COMPEL ARBITRATION** |

Defendants Trails Academy, LLC; Trails Carolina, LLC; Trails Momentum a/k/a Trails Carolina; Wilderness Training & Consulting, LLC d/b/a/ Family Help & Wellness; WTC Holdco, LLC, and WTCSL, LLC, (hereinafter collectively "**Defendants**") submit this brief in support of their Motion to Dismiss or Otherwise Compel Arbitration.

## BOTTOM LINE UP FRONT

Plaintiffs' son was enrolled in the Trails Momentum treatment program in 2021. Prior to his enrollment, Plaintiffs and their son entered into an agreement with Defendant Trails Academy, LLC (which does business as Trails Momentum) whereby in the event of a dispute related to the agreement, either party may invoke binding arbitration. By way of the instant Motion, Defendants respectfully invoke arbitration, which divests the Court of jurisdiction. Therefore, Plaintiffs' claims should be dismissed for lack of subject jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, this action should be stayed in favor of binding arbitration.

1

**STATEMENT OF RELEVANT FACTS**

At all times relevant to this action, Defendant Trails Academy, LLC ("**Trails Academy**") operated a residential treatment program for troubled teens and young adults known as Trails Momentum. Compl. ¶ 36. Plaintiffs and their son ("**John Doe**") chose to enroll John Doe in the Trails Momentum program in 2021. Compl. ¶ 102. As part of the enrollment process, Plaintiffs, John Doe, and Defendant Trails Academy, LLC entered into an Enrollment Agreement on or around March 2, 2021 (the "**Agreement**"), a true and correct executed copy of which is attached hereto as Exhibit A.[1] Concerning dispute resolution, the Agreement provides as follows:

> If any dispute arises between or among the parties hereto involving any matter arising from, covered by or involving any matter mentioned in this Agreement the dispute shall be resolved using the following procedures: Any party shall give the other(s) written notice describing the dispute and invoking this provision. Within 10 business days of written notice, the parties involved in this dispute shall meet in person or telephonically in good faith to discuss and attempt to resolve the dispute. In the event the meeting fails to resolve the dispute, any/either party to the dispute may request non-binding mediation, to be conducted and administered independently using AAA rules for expedited mediation…If mediation fails to result in resolution of the dispute, **any disputing party may invoke binding arbitration**, which shall be independently administered pursuant to the AAA expedited arbitration rules.

Exhibit A, p. 5 (emphasis added). The Agreement also provides that North Carolina law shall apply to any matter decided between the parties. *Id.*

Although the Agreement is between only Plaintiffs, Plaintiffs' son, and Defendant Trails Academy, the other named defendants (Trails Carolina, LLC, Wilderness Training & Consulting, LLC; WTC Holdco, LLC, and WTCSL, LLC) are discrete but related legal entities.[2] As evidenced

---

[1] In considering a Rule 12(b)(1) motion to dismiss, a court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Breeger v. U.S. Airline Pilots Ass'n*, 2009 WL 1328902 at *3 (W.D.N.C. 2009).

[2] Although Trails Momentum is a named defendant, Trails Momentum is not an additional entity but rather a d/b/a of Trails Academy, LLC. *See* ECF. No. 16. The relatedness of the Defendants is noted simply for purposes of judicial economy associated with arbitration of all claims. Defendants expressly deny any liability on the part of Defendants

by Trails Academy, LLC's diversity disclosure filed on October 13, 2024 in this matter (ECF No. 16), Wilderness Training & Consulting, LLC ("**Wilderness Training**") is the sole member-manager of Trails Academy, LLC. Wilderness Training is also the sole member-manager of Trails Carolina, LLC. Wilderness Training's sole member-manager is WTCSL, LLC, and WTC Holdco, LLC is a member of WTCSL, LLC. *See* ECF No. 16.

Plaintiffs bring their Individual Claims for alleged actions taken by Defendants while Plaintiff's son was enrolled in Trails Momentum. Additionally, Plaintiffs, acting as alleged representatives of a class, bring claims against Defendants on behalf of class members for Violations of the North Carolina UDTPA, N.C.G.S. § 75-1.1 *et seq.*; Violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*; Violation of Oregon Unlawful Trade Practices Act, Or. Rev. Stat. 646.608 et seq., and Negligent Misrepresentation (collectively, the "**Class Claims**"). The Agreement explicitly provides that Defendant Trails Academy may elect for these claims to be brought via arbitration. Defendants expressly deny that Plaintiffs have sufficiently pled class claims, and Plaintiffs' Class Claims fail as a matter of law. Under American Arbitration Association Rules which govern the Agreement, the sufficiency of Plaintiffs pleading of class action claims (and the arbitrability of the class action claims, if sufficiently pled), should likewise be determined by an arbitrator.

## STANDARD OF REVIEW

A. Rule 12(b)(1) Standard

Plaintiffs bear the burden of proving that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The existence of subject matter jurisdiction is a threshold issue the Court must address before considering the merits of the case. *Jones v. Am.*

---

for Plaintiff's alleged damages, and Defendants expressly reserve all defenses available to each entity, the same not being waived by anything contained in this Memorandum.

*Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). "In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Breeger v. U.S. Airline Pilots Ass'n*, 2009 WL 1328902 at *3 (W.D.N.C. 2009) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999)).

B. The Federal Arbitration Act

Federal law controls the interpretation of arbitration agreements even where an agreement includes a choice-of-law clause. *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 575 (W.D.N.C. 2000). The Federal Arbitration Act ("**FAA**") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract …." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. *Watson v. Bar Educ., Inc.*, 2024 U.S. Dist. LEXIS 172740, at *4 (W.D.N.C. 2024). The United States Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (underscore added). "[T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 92 (4th Cir. 1996) (quoting *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989).

**ARGUMENT**

I. **PLAINTIFFS' INDIVIDUAL CLAIMS MUST BE SUBMITTED TO ARBITRATION BECAUSE PLAINTIFFS ENTERED INTO A BINDING AGREEMENT TO ARBITRATE.**

The Court should dismiss Plaintiffs' Individual Claims for lack of subject matter jurisdiction, or in the alternative, grant Defendants' Motion to Compel Arbitration because Plaintiffs and Defendant Trails Academy, LLC entered into a valid agreement to arbitrate (the Agreement). A party seeking to compel claims to arbitration must establish that: "(1) a dispute exists between the parties; (2) the dispute falls within the scope of a written, valid agreement that includes an arbitration provision; (3) the parties' agreement relates to interstate of foreign commerce; and (4) the opposing party has failed to arbitrate the dispute at hand." *Watson v. Bar Educ., Inc.*, 2024 U.S. Dist. LEXIS 172740 at *5. Defendants satisfy these elements, and thus arbitration should be compelled.

### A. A Dispute Exists between the Parties.

Without question, a dispute exists between the parties, evidenced by Plaintiffs filing this matter. Defendants therefore satisfy this element.

### B. The Dispute Falls within a Valid Agreement which Contains an Arbitration Provision.

#### i. The Agreement is valid.

The Agreement contains a valid arbitration agreement between Plaintiffs, John Doe and Defendant Trails Academy and "courts must compel arbitration when a valid arbitration agreement exists." *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001). Agreements to arbitrate are construed according to ordinary rules of contract interpretation. *Kendall v. Req'l Enters., LLC*, 2024 U.S. Dist. LEXIS 180479 at *2 (W.D.N.C. 2024). In North Carolina, the formation of a valid contract "requires offer, acceptance, consideration, and no defenses to formation." *Hightower*, 272 F.3d 239 at 242 (quoting *Koltis v. N.C. Dep't of Human Res.*, 125 N.C. App. 268, 480 S.E.2d 702, 704 (N.C. Ct. App. 1997)). Defendant Trails Academy offered the Agreement and Plaintiffs accepted the Agreement as evidenced by their signatures on the Agreement. *See* Exhibit A, p. 7.

5

Finally, consideration exists as Plaintiffs' son received Defendant Trail Academy's services, while Trails Academy received payment from Plaintiffs. A valid arbitration agreement exists and thus this Court must compel arbitration.

        ii.    The dispute falls within the Agreement.

The Agreement provides that "any matter arising from, covered by or involving any matter mentioned" in the Agreement is subject to arbitration. *See* <u>Exhibit A</u>, p. 5. Plaintiffs' dispute clearly arises from the Agreement as their complaints arise directly from the services Defendant Trails Academy allegedly provided to their son or failed to provide. *See*, *e.g.,* Compl. ¶¶ 116-121.

### C. The Agreement relates to interstate commerce.

The Agreement relates to interstate commerce as it involves Plaintiffs' son travelling to North Carolina to receive services and includes the exchange of funds from Florida to North Carolina. The Supreme Court has interpreted the term "involving commerce" in the FAA as the more familiar term "affecting commerce," making it "perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce' – that is, 'within the flow of interstate commerce.'" *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (quoting *Allied-Bruce Terminix Cox. v. Dobson*, 513 U.S. 265 (internal citations and quotations omitted)). Thus, Plaintiffs' son travelling to North Carolina to receive services and the exchange of funds from one state to another is sufficient to satisfy that the Agreement relates to interstate commerce.

### D. Plaintiffs have failed to arbitrate the issue at hand.

The issue at hand has not been arbitrated whatsoever.

### E. Plaintiffs' Individual claims against Non-Signatories to the Agreement are also Subject to Arbitration.

Although Trails Academy is the only named defendant that is a party to the Agreement, the other named defendants consent to arbitration, and as a matter of law Plaintiffs' Individual Claims against all Defendants are subject to arbitration. "The obligation to arbitrate does not attach

6

Case 1:24-cv-00254-MOC-SCR    Document 25    Filed 12/30/24    Page 6 of 19

only to one who has personally signed the written arbitration provision. Rather, well-established common law principles dictate that in an appropriate case a non-signatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties." *Klopfer v. Queens Gap Mountain, LLC*, 816 F.Supp.2d 281, 296 (W.D.N.C. 2011) (quoting *Ellen v. A.C. Schultes of Maryland, Inc.*, 172 N.C. App. 317, 320 (2005) (quoting *Washington Square Securities, Inc. v. Aune*, 385 F.3d 432, 435 (4th Cir.2004))).

Specifically, when a signatory to a written agreement containing an arbitration clause makes claims against a non-signatory while referencing to or presuming the existence of a written agreement from which the signatory's claims arise out of and relate to, arbitration is appropriate as to the non-signatory claims. *Klopfer*, 816 F.Supp.2d 281 at 292. Here, Plaintiffs' Complaint fails to make any specific allegations as to each Defendants' actions, and instead makes collective allegations of misconduct occurring while John Doe was enrolled in Defendant Trail Academy, LLC's wilderness program. As discussed above, Plaintiffs' Individual Claims arise directly out of and relate to the Agreement. All of the claims against the non-signatories therefore relate to and arise out of the Agreement. Thus, the non-signatory Defendants are entitled to arbitration pursuant to the Agreement.

Additionally, the Court should take notice that all of the named Defendants are intricately related. *See* ECF No. 16. Defendant Wilderness Training & Consulting, LLC is a member of Trails, Academy, LLC and is the sole member-manager of Trails Carolina, LLC. Defendant WTCSL, LLC is the sole member-manager of Wilderness Training & Consulting, LLC. Finally, WTC Holdco, LLC is a member of WTCSL, LLC. Ultimately, when there are ambiguities regarding arbitration, and specifically regarding whether non-signatories can enforce or be bound by an

7

arbitration agreement, there is a presumption in favor of arbitration. *Klopfer*, 816 F.Supp.2d 281 at 296 (citing *Washington Square Securities, Inc. v. Aune*, 385 F.3d 432, 436 (4th Cir.2004)).

## II. PLAINITFFS' CLASS CLAIMS MUST BE SUBMITTED TO AN ARBITRATOR TO DETERMINE THEIR ARBITRABILITY.

The Court should dismiss Plaintiffs' Class Claims for lack of subject matter jurisdiction, or in the alternative, grant Defendants' Motion to Compel Arbitration because if plead properly, Plaintiffs' Class Claims are possibly subject to class arbitration.[3] Whether an arbitration clause permits class arbitration is a gateway question of arbitrability. *Del Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 873 (4th Cir. 2016). While courts ordinarily decide such questions, an arbitrator should decide the question of whether Plaintiffs' Class Claims are subject to arbitration because the Plaintiffs agreed to arbitrate such gateway questions of arbitrability. Where parties have agreed to arbitrate gateway questions of arbitrability, the "[c]ourt is <u>required</u> to refer a claim to arbitration to allow the arbitrator to decide the gateway arbitrability issues." *Calzada v. Neiman Marcus Grp., LLC*, 2024 U.S. Dist. LEXIS 206379 at *9 (W.D.N.C. 2024) (underscore added).

Without question, the Plaintiffs and Defendant Trails Academy agreed to arbitrate gateway questions of arbitrability because they specifically incorporated the American Arbitration ("**AAA**") Rules in their Agreement. *See* Exhibit A, p. 7 ("any party may invoke binding arbitration, which shall be independently administered pursuant to the AAA expedited arbitration rules"). Under the FAA, when a parties' arbitration agreement specifically incorporates the AAA Rules, "such incorporation demonstrates that the parties clearly and unmistakably intended for the arbitrator to resolve disputes regarding arbitrability." *Hall v. Dancy*, 2018 NCBC LEXIS 63 (N.C. Super. Ct. 2018) *See also Epic Games, Inc. v. Murphy-Johnson*, 247 N.C. App. 54, 785 S.E.2d

---

[3] Defendants do not believe that Plaintiffs' class claims are adequately plead and reserve the right to argue such in the future, however the only question at issue at this time is whether the Court or an arbitrator should decide the Class Claims' arbitrability.

137, 144 (2016) (concluding that the parties' "incorporation of the AAA rules demonstrate[s] that the parties agreed the arbitrator should decide issues of substantive arbitrability").

Further, by agreeing to the AAA Rules, the Plaintiffs and Defendant Trails Academy also agreed to the AAA Supplementary Rules which govern class arbitrations. *See Hall*, 2018 NCBC LEXIS 63 at *21. Importantly, the AAA Supplementary Rules provide that "the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of a class." AAA Supplementary Rule 3. By incorporating the AAA Rules into the Agreement, the Plaintiffs and Defendant Trails Academy agreed that an arbitrator would decide the gateway question of arbitrability, and specifically whether the Agreement allows class claims to be arbitrated.

Accordingly, based on the Agreement, Plaintiffs' Class Claims should be submitted to an arbitrator (along with their Individual Claims) to determine whether the Agreement provides for class arbitration.[4]

## III. PLAINTIFFS' COMPAINT SHOULD BE DISMISSED BECAUSE ALL ISSUES MUST BE SUBMITTED TO ARBITRATION.

Plaintiffs' Complaint should be dismissed because this Court lacks subject matter jurisdiction over Plaintiffs' claims. All issues raised by Plaintiffs are subject to arbitration and thus none of their claims remain before this Court. Where all issues raised must be submitted to arbitration and where compelling arbitration would leave no claims before the Court, dismissal is appropriate. *Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001). Thus, dismissal is appropriate.

---

[4] For the same reasons as discussed in Defendants Argument Section I, despite only Defendant Trails Academy, LLC signing the Agreement, the other named defendants can enforce the arbitration provision of the Agreement.

## CONCLUSION

Plaintiffs entered into a valid arbitration agreement by which all their Individual Claims in this dispute are subject to arbitration. Further, the Plaintiffs agreed that an arbitrator would decide all gateway questions of arbitrability, including whether the arbitration agreement allows class arbitrations. Thus, Plaintiffs' Class Claims should also be submitted to an arbitrator. This Court should therefore enter an order compelling Plaintiffs' Individual and Class Claims to arbitration and dismissing Plaintiffs' claims for lack of subject matter jurisdiction.

This the 30th day of December, 2024.

/s/DAVID L. LEVY
**David Levy (N.C. State Bar No. 34060)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

/s/KRISTY M. D'AMBROSIO
**Kristy M. D'Ambrosio**
**NC State Bar No. 52817**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: 704-319-5426**
**Fax: 704-602-8178**
**kdambrosio@hedrickgardner.com**
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

**USE OF ARTIFICAL INTELLIGENCE CERTIFICATION**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources of Westlaw and Lexis, Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my discretion as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 30th day of December, 2024.

/s/DAVID L. LEVY
David Levy (N.C. State Bar No. 34060)
Gardner Skelton, PLLC
3746 N. Davidson Street
Charlotte, North Carolina 28205
Telephone: (704) 335-0350
Fax: (704) 936-0294
Email: dlevy@gardnerskelton.com
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817
Hedrick Gardner Kincheloe & Garofalo, LLP
4201 Congress Street, Suite 300
Charlotte, NC 28209
Phone: 704-319-5426
Fax: 704-602-8178
kdambrosio@hedrickgardner.com
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

# CERTIFICATE OF SERVICE

I certify that the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR 12(B)(1) MOTION TO DISMISS OR OTHERWISE COMPEL ARBITRATION** has on this date been served upon counsel in this matter via this Court's CM/ECF system.

This the 30th day of December, 2024.

**/s/DAVID L. LEVY**
**David Levy (N.C. State Bar No. 34060)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

**/s/KRISTY M. D'AMBROSIO**
**Kristy M. D'Ambrosio**
**NC State Bar No. 52817**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: 704-319-5426**
**Fax: 704-602-8178**
**kdambrosio@hedrickgardner.com**
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

# **EXHIBIT A**



# Trails Momentum Enrollment Agreement
*(Including Assumption of Risks, Release and Indemnity)*

This Enrollment Agreement ("Agreement") is entered into by and between Trails Academy, LLC, a North Carolina limited liability company (hereinafter "Trails") and ███████████████████████████ parent(s)/guardian(s) (collectively the "Sponsor/Parent/Guardian") of ███████████████████████████ the "Client"). Trails and the Sponsor/Parent/Guardian are sometimes referred to individually as a "Party" and collectively as the "Parties".

*In consideration of the mutual promises set forth in this Agreement, the Parties mutually agree as follows:*

1. **SPONSOR/PARENT/GUARDIAN'S REPRESENTATIONS.** Sponsor/Parent/Guardian acknowledges and agrees that Sponsor/Parent/Guardian is the legal parent(s) and/or guardian(s) of Client, and that Sponsor/Parent/Guardian desires to and does hereby contract with Trails for the purpose of securing Client's placement in the Trails Momentum Therapy Program (the "Program") according to the terms and conditions of this Agreement. In entering into and performing under this Agreement, Trails is relying on all representations and promises of the Sponsor/Parent/Guardian contained or expressed in this Agreement and other documents and information provided by Sponsor/Parent/Guardian to Trails Momentum, and Sponsor/Parent/Guardian expressly warrants the truth and accuracy of all such documents and information.

2. **ELIGIBILITY AND ENROLLMENT OF THE CLIENT.** Sponsor/Parent/Guardian/Client must submit to Trails the following: a completed and executed copy of this Agreement and the Payment Agreement; completed and executed copies of all required consents, authorizations and information requests; and the initial payment required by the Payment Agreement (the "Required Submissions"). Upon Trails' receipt of the Required Submissions, Trails will evaluate the Required Submissions. Upon Trails' execution of this Agreement and Client's physical arrival at Trails, Trails shall conditionally accept the Client for enrollment in the Program subject to the terms and conditions of this Agreement. Sponsor/Parent/Guardian/Client acknowledges and agrees that Trails' conditional acceptance of the Client is subject to the personal evaluation and screening process conducted by Trails prior to completion of the Assessment phase of the Program. If the Client satisfies Trails' screening criteria, Trails shall enroll the Client and, except as otherwise provided herein, permit the Client to participate in the Program. If the Client fails to satisfy any of Trails' screening criteria at the sole discretion of Trails, the Client will not be enrolled in the Program and will be discharged. Trails Momentum retains the right to discharge the Client at any time for medical or clinical reasons, or as otherwise allowed under this Agreement.

3. **TRAVEL.** Sponsor/Parent/Guardian/Client agrees to make all arrangements necessary for Client to travel to and from Trails and is responsible for all costs associated with such transportation.

4. **SUBCONTRACTING.** Sponsor/Parent/Guardian/Client agrees and consents to Trails subcontracting certain services to be rendered under this Agreement to persons or entities deemed by Trails to be properly qualified to provide said services, at no additional cost to Sponsor/Parent/Guardian/Client unless otherwise agreed to by both Parties. Trails is not responsible for the services provided by such third-party contractors and is hereby released from any liability arising from such services. All clinicians furnishing services to the Client, including any psychiatrists, psychologists, mental health professionals, or internists or the like, are independent contractors with the client and are not employees of Trails. The Client is under the care and supervision of his/her attending clinician and it is the responsibility of the Client's clinician to obtain the Sponsor/Parent/Guardian/Client's informed consent, when required, for medical, surgical, or psychiatric treatment, special diagnostic or therapeutic procedures, or other services rendered the Client under the general and special instructions of the clinician. This section shall survive the termination of this Agreement.

5. **NURSING CARE.** Trails provides only general nursing care unless, upon orders of the Client's physician, the Client is provided more intensive nursing care. If the Client's condition is such as to need the service of a special duty nurse, it is agreed that such must be arranged by the Sponsor/Parent/Guardian/Client. Trails shall in no way be responsible for failure to provide the same and is hereby released from any and all liability arising from the fact that Client is not provided with such additional care. This section shall survive the termination of this Agreement.

6. **ASSUMPTION OF RISKS: RELEASES AND INDEMNITIES.** Sponsor/Parent/Guardian/Client acknowledges serious hazards and dangers, known and unknown, inherent in the Program, including but not limited to ranch, agricultural and vocational activities, emotional and physical injuries, illness or death that may arise from strenuous hiking, climbing and camping in a natural environment, exposure to the elements, plants and animals, running away from the Program, "acts of God"(nature), the ropes course, kayaking, water sports, mountain biking, stress, involvement with other clients, self-inflicted injuries, and transportation to and from the Program's field location(s). Sponsor/Parent/Guardian understands

that in participating in the Program, Client will be in locations and using facilities where many hazards exist and is aware of and appreciates the risks which may result. Sponsor/Parent/Guardian/Client understands that accidents occur during such activities due to the negligence of others which may result in death or serious injury. Sponsor/Parent/Guardian and Client are voluntarily participating in the Program with knowledge of the dangers involved and agree to accept any and all risks. In consideration for being permitted to participate in the Program, Sponsor/Parent/Guardian/Client agrees to not sue, to assume all risks, and to release, hold harmless and indemnify Trails and any and all of its predecessors, successors, officers, directors, trustees, insurers, employees, managers, agents, volunteers, community organizations, administrators, heirs, attorneys, executors, assigns and/or related or affiliated business entities,
(collectively all of the above persons and entities shall be referred to as the "Released Parties" hereafter) who, through negligence, carelessness or any other cause, might otherwise be liable to Sponsor/Parent/Guardian or Client under theories of contract or tort law.

Sponsor/Parent/Guardian/Client intends by this Waiver and Release to release, in advance, and to waive his or her rights and discharge each and every one of the Released Parties, from any and all claims for damages for death, personal injury, or property damage which Sponsor/Parent/Guardian/Client may have, or which may hereafter accrue as a result of Client's participation in any aspect of the Program, even though that liability may arise from negligence or carelessness on the part of the persons or entities being released, from dangerous or defective property or equipment owned, maintained or controlled by them or because of their possible liability without fault. Additionally, Sponsor/Parent/Guardian/Client covenants not to sue any of the Released Parties based upon their breach of any duty owed to Sponsor/Parent/ Guardian or Client as a result of their participation in any aspect of the Program. Sponsor/Parent/Guardian/Client understands and agrees that this Waiver and Release is binding on his or her heirs, assigns and legal representatives and that the Released Parties shall be exempt from liability to Sponsor/Parent/Guardian/Client, his or her heirs, assigns and legal representatives. Sponsor/Parent/Guardian/Client represents that Client is physically capable of participating in the Program, and his or her medical care provider has approved his or her participation. If Sponsor/Parent/Guardian/Client is aware that Client is under treatment for any physical infirmity, ailment or illness, Sponsor/Parent/Guardian/Client represents that Client's medical care provider knows of and has approved Client's participation in the Program. Sponsor/Parent/Guardian/Client acknowledges that Sponsor/Parent/Guardian/Client, and Sponsor/Parent/Guardian/Client alone, is solely responsible for Client's personal health and safety, and the personal property Client brings with him or her. Sponsor/Parent/Guardian/Client acknowledges that the medical insurance information Sponsor/Parent/Guardian/Client has provided on the Medical Form is current and complete and that Sponsor/Parent/Guardian/Client is solely responsible for procuring and maintaining all medical insurance Sponsor/Parent/Guardian/Client deems necessary and that the Released Parties have recommended that Sponsor/Parent/Guardian/Client procures and/or maintains medical insurance. Sponsor/Parent/Guardian/Client accepts full responsibility for any costs incurred for medical treatment due to failure to procure or maintain insurance or providing outdated or falsified insurance information. Sponsor/Parent/Guardian/Client understands that it is ultimately Sponsor/Parent/Guardian/Client's responsibility to provide payment to any hospital/emergency response technicians/emergency transport company that may provide services to Client as a result of injury/illness during the Program.

WARNING, Under North Carolina law, an equine activity sponsor or equine professional is not liable for an injury to or the death of a participant in equine activities resulting exclusively from the inherent risks of equine activities. Chapter 99E of the North Carolina General Statutes.

Sponsor/Parent/Guardian/Client agrees to indemnify the Released Parties from any and all actions, causes of action, claims, demands, damages, costs (including attorneys' fees), expenses, liabilities and charges, known or unknown (the "Liabilities") arising out of or in connection with claims and/or actions relating to or brought by or on behalf of Client, including, without limitation, claims related to or arising out of the Client's participation in the Program.

Sponsor/Parent/Guardian/Client acknowledges and agrees that Trails is not liable for any loss of or damage to any of the Client's property. The Client is fully responsible for the same at all times. This section shall survive the termination of this Agreement.

7. **CLIENT ELOPEMENT.** In the event the Client runs away from the Program, Trails will make every reasonable effort to find the Client and convince the Client to return to the Program or to the Sponsor/Parent/Guardian. Sponsor/Parent/Guardian/Client hereby releases, holds harmless and indemnifies Trails from any and all claims, damages, and liabilities arising out of or resulting from Client running away while in Trails custody and/or participating in the Program, including, but not limited to, claims of personal injury or property damages or loss incurred by the Client, the Sponsor/Parent/Guardian or any other third parties. An accounting of the expenses incurred by Trails in finding and returning the Client will be made to the Sponsor/Parent/Guardian/Client who agrees to accept full responsibility for any and all such costs and expenses, and to pay the same within seven (7) days of the Sponsor/Parent/Guardian/Client's receipt of said

accounting. This section shall survive the termination of this Agreement.

8. **PERSONAL INJURY AND DAMAGE TO PROPERTY.** Sponsor/Parent/Guardian/Client agrees to accept full financial and legal responsibility for (1) the repair or replacement of any property damaged, defaced, or destroyed by the Client, whether owned, leased, or controlled by Trails or any third party, and (2) any personal injury to any Trails personnel, other clients or third parties caused, in whole or in part, by the Client; and to promptly reimburse Trails for any costs and expenses, including legal fees, it may incur in connection therewith, and to pay any of the above mentioned damages within seven (7) days of the Sponsor/Parent/Guardian/Client's receipt of said accounting. This section shall survive the termination of this Agreement.

9. **AUTHORIZATION FOR MEDICAL CARE AND RECORDS.** In the event of an accident, injury, illness, or other medical necessity, Sponsor/Parent/Guardian/Client hereby authorizes Trails to: (a) provide emergency first aid to the Client in the field and en route to any hospital or clinic, (b) arrange for any medical, dental, psychiatric, hospital, ambulance or other health-related care for the Client deemed necessary by Trails staff; and (c) authorize a physician, dentist or other healthcare professional(s) to perform any procedure(s) that the health-care professional(s) deems necessary for the well-being of the Client. All costs and expenses incurred for these services shall be the sole responsibility of the Sponsor/Parent/Guardian/Client. Sponsor/Parent/Guardian/Client also authorizes Trails to arrange for a physical examination (including a drug screen urine/blood test, at Trails' option) and any psychological assessments of the Client deemed necessary by Trails prior to the Client beginning the Program. Sponsor/Parent/Guardian/Client also authorizes any and all medical doctors, psychiatrists, psychologists, counselors, therapists, hospitals, clinics and treatment centers that have treated or counseled the Client, and whose names Sponsor/Parent/Guardian/Client shall provide to Trails, to release all information regarding the Client's medical and/or psychological history, diagnoses and treatments to Trails upon request. Trails shall handle all such protected health information (also "PHI") pursuant to the guidelines promulgated in the Health Insurance Portability & Accountability Act ("HIPAA") Act of 1996.
This section shall survive the termination of this Agreement.

10. **AUTHORIZATION FOR SEARCH AND SEIZURE.** Sponsor/Parent/Guardian/Client hereby authorizes Trails personnel to search the person and personal effects of the Client at any time. In connection with such search, Trails may, in its discretion, require Client to remove all of his or her clothing and may search Client's entire person, in which contraband may be hidden. Trails is further authorized to confiscate any and all items deemed by Trails to be contraband or counterproductive to the Client's successful completion of the Program. The disposition of all items confiscated by Trails shall be left to the sole discretion of Trails.

11. **AUTHORIZATION FOR RESTRAINT.** Sponsor/Parent/Guardian/Client hereby authorizes Trails personnel to physically restrain, control and detain the Client by the exercise of necessary restraints when deemed necessary by Trails, for the purpose of preventing the Client from jeopardizing the Client's own safety or the safety of others.

12. **RESEARCH AUTHORIZATION.** Sponsor/Parent/Guardian/Client hereby authorizes Trails to use data from the Client's records, tests, and assessments for purposes of ongoing research, provided that the Client's name and identity will be kept confidential and not used in any published materials. This section shall survive the termination of this Agreement.

13. **EARLY TERMINATION BY TRAILS/LIQUIDATED DAMAGES.** Trails reserves the right to terminate this Agreement at any time due to: (i) failure of Sponsor/Parent/Guardian/Client to pay any amounts due per Payment Agreement; (ii) illegal, uncontrollable, or dangerous behavior by the Client; (iii) discovery of any unprompted or previously unknown physical, medical, mental, or emotional problem(s) of the Client; or (iv) for any other reason if Trails deems it necessary for the protection of the Client, any other client(s) or the integrity of the Trails Program. In the event that Trails elects to terminate the Client pursuant to the terms of this paragraph, Sponsor/Parent/Guardian/Client understands and agrees that Sponsor/Parent/Guardian/Client forfeits all amounts paid to Trails. The forfeiture reflects the recognition that certain costs associated with enrolling the Client in the Program are incurred, whether or not the Program is completed, including such items as salaries, inventories, and other general operating expenses. Therefore, Sponsor/Parent/Guardian/Client understands and agrees that the policy of nonrefundable payments is a reasonable estimate of the losses (i.e., Liquidated Damages) the Program incurs with the early termination of Client.

14. **SPONSOR/PARENT/GUARDIAN EDUCATION PROGRAM AND COOPERATION.** Sponsor/Parent/Guardian agrees to attend the seminar for parents and guardians of the clients conducted by Trails during the Program, and to give Sponsor/Parent/Guardian's full cooperation to Trails personnel throughout the Program, in order to maximize the benefits of the Program for the Client and the Sponsor/Parent/Guardian. Sponsor/Parent/Guardian also agrees to read any educational materials and watch any video programs sent to Sponsor/Parent/Guardian by Trails, and to fill out and return to Trails any interactive educational materials, while the Client is in the Program.

15. **AUTHORIZATION OF PHOTOGRAPHS.** Sponsor/Parent/Guardian/Client agrees that photographs or other images may be taken of Client for Trails' confidential records and for the purpose of sending photographs to Sponsor/Parent/Guardian.

16. **HEALTH INSURANCE.** Sponsor/Parent/Guardian/Client warrants that the Client is presently covered and will for the duration of the Program be covered, by adequate health insurance covering claims that may arise in connection with any accident, injury or illness that the Client may suffer or incur during the Program. Whatever deductibles or coverage exclusions may apply in a given case shall be satisfied entirely by Sponsor/Parent/Guardian/Client.
17. **DELAYED PERFORMANCE.** Except for the obligation to make payments when due hereunder, all other obligations under this Agreement shall be suspended for so long as one or both Parties hereto are prevented from performing hereunder by acts of God/nature, the elements, acts of federal, state or local governments, agencies or courts, damage to or destruction or unavoidable shut-down of necessary facilities, or other matters beyond their reasonable control; provided, however, that any Party so prevented from complying with its obligations hereunder shall promptly notify the other Party thereof and shall exercise due diligence to remove and overcome the cause as soon as practicable.
18. **CONFIDENTIALITY.** The parties hereto agree that all terms of this Agreement shall remain confidential to the parties and that they will not disclose the terms of this Agreement to any third party through any medium, other than financial consultants, accountants or attorneys at any time including after expiration of this Agreement without the express written consent of the other Party hereto.
19. **DISPUTE RESOLUTION.** If any dispute arises between or among the parties hereto involving any matter arising from, covered by or involving any matter mentioned in this Agreement the dispute shall be resolved using the following procedures:

    Any party shall give the other(s) written notice describing the dispute and invoking this provision. Within 10 business days of written notice, the parties involved in the dispute shall meet in person or telephonically in good faith to discuss and attempt to resolve the dispute.

    In the event the meeting fails to resolve the dispute, any/either party to the dispute may request non-binding mediation, to be conducted and administered independently using AAA rules for expedited mediation. The parties shall bear their own costs of mediation; however, Trails Momentum shall pay the cost of the mediator. The parties shall agree to a mediator and shall attempt to complete mediation within 30 business days of its invocation.

    If mediation fails to result in resolution of the dispute, any disputing party may invoke binding arbitration, which shall be independently administered pursuant to the AAA expedited arbitration rules with one arbitrator if the parties can agree on one within 10 business days of the invocation of arbitration. Otherwise, the panel shall consist of 3 members, with Trails Momentum and Sponsor/Parent/Guardian/Client each appointing one arbitrator and the two arbitrators so appointed shall appoint a neutral third arbitrator. The parties shall be responsible for their own expenses and the expenses of the arbitrator they appoint and the expenses of the third arbitrator. The expenses of arbitration itself shall be shared equally. The decision of the panel shall be in writing and shall state the reasons for the decision, which decision shall be appealable only on the basis of the grounds provided for in the Federal Arbitration Act. The panel may award attorney fees if it deems warranted but shall have no power to award exemplary or punitive damages.

    North Carolina State law governing Trails Momentum shall apply to any matter decided between or among the parties hereto.

    Apart from any dispute governed by the above provisions, any testimony requested by Sponsor/Parent/Guardian/Client of any employee or former employee of Trails Momentum in any proceeding involving a dispute between or among Sponsor/Parent/Guardians or Client, and any confidential treatment documents requested in contested proceedings involving Sponsor/Parent/Guardians, shall be decided by the Trails Momentum in its sole reasonable discretion, based solely on what Trails Momentum reasonably feels to be in the best interest of the student. This section shall survive the termination of this Agreement.
20. **NON-DISPARAGEMENT.** Sponsor/Parent/Guardians and client agree they will not publicly criticize, ridicule, defame, or disparage Trails Momentum or its conduct, services, practices, policies, facilities, personnel, management, directors, officers, or otherwise communicate about Trails Momentum, its conduct, services, practices, policies, facilities, personnel, management, affiliates, directors, or officers in a disparaging or negative manner in any medium (including online or through social media) to any person or entity without limitation in time. Sponsor/Parent/Guardians and client further agree to not encourage family members, friends, agents or other third-parties from, and shall take any and all reasonable steps to prevent or persuade others with whom they have familial or social relationships from, any public criticism, ridicule, defamation, or disparagement of Trails Momentum, its conduct, practices, services, policies, facilities, personnel, management, affiliates, directors, or officers. The Parties to this Agreement agree and acknowledge that this non-

disparagement provision is a material term of this Agreement, the absence of which would have resulted in Trails Momentum declining to enter into this Agreement.

Sponsor/Parent/Guardians and client further agree and acknowledge that damages arising from breach of this provision may be difficult to identify and that the potential harms arising from such a breach are likely to be of an ongoing nature, cannot reasonably or adequately be compensated by damages in any action at law, and constitute irreparable injury or damage. Therefore, Sponsor/Parent/Guardians and client expressly agree and acknowledge that Trails Momentum shall be entitled to seek and obtain injunctive relief in the event of, or to prevent, any breach of this non-disparagement provision by Sponsor/Parent/Guardians/Client or third parties. In the event of a violation of this non-disparagement provision by Sponsor/Parent/Guardians/Client or third parties, Trails Momentum shall also have the right to monetary relief, and recovery of reasonable attorney's fees and costs incurred in seeking either monetary or injunctive relief, regardless of the number or instances of alleged breaches of this Agreement.

22. **ATTORNEY'S FEES.** In the event that either Party is found in default or material breach of any specific promise, term or condition expressly set forth in this Agreement by an arbitrator(s) or a court of competent jurisdiction, said Party shall be liable to pay all reasonable attorneys' fees, court costs and other related collection costs and expenses incurred by the other Party in enforcing its contractual rights hereunder in said arbitration and/or court proceeding(s). In addition, Sponsor/Parent/Guardian/Client agrees to compensate Trails for all reasonable attorneys' fees and costs incurred by Trails in connection with those matters concerning which Sponsor/Parent/Guardian/Client has agreed to pay or indemnify Trails herein. This section shall survive the termination of this Agreement.

23. **AMENDMENTS.** This agreement may be amended at any time upon mutual agreement of the Parties hereto, but any amendment(s) must first be reduced to writing and signed by both Parties in order to become effective.

24. **WAIVER.** A waiver by any Party of any provision hereof, whether in writing or by course of conduct or otherwise, shall be valid only in the instance for which it is given, and shall not be deemed a continuing waiver of said provision, nor shall it be construed as a waiver of any other provision hereof.

25. **PARAGRAPH HEADING.** The paragraph headings of this Agreement are inserted only for convenience and in no way define, limit or describe the scope or intent of this Agreement nor affect its terms and provisions.

26. **NOTICES.** Any and all notices, payments, reports and other correspondence required hereunder shall be deemed to have been properly given or delivered when made in writing and delivered personally to the Party to whom directed, or when sent by United States mail with all necessary postage or charges fully prepaid, and addressed to the Party to whom directed at its below specified address (or a new address after written notice of such change is given to the other Party).

    Trails Academy, LLC: 555 Sky Valley Road, Hendersonville NC 28739
    SPONSOR/PARENT/GUARDIAN'S NAME: ▮
    ADDRESS: ▮
    CITY, STATE, ZIP: ▮

27. **SEVERABILITY.** In the event that any provision of this Agreement, or any operation contemplated hereunder, is found by a court of competent jurisdiction to be inconsistent with or contrary to any law, ordinance, or regulation, the latter shall be deemed to control and the Agreement shall be regarded as modified accordingly and, in any event, the remainder of this Agreement shall continue in full force and effect. This section shall survive the termination of this Agreement.

28. **NUMBER.** As used in this Agreement, the term "Sponsor/Parent/Guardian" shall include all Sponsor/Parent/Guardians, being the parent(s) and/or guardian(s) executing this Agreement; and singular pronouns shall include the plural and plural pronouns shall include the singular, whenever the context so requires.

29. **ACKNOWLEDGEMENT/ENTIRE AGREEMENT.** Sponsor/Parent/Guardian/Client hereby acknowledges that Sponsor/Parent/Guardian/Client has read this Agreement and that Sponsor/Parent/Guardian/Client understands and consents to all of its provisions; that this Agreement, the Payment Agreement and the Related Authorizations and Consents constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof; and that all other prior agreements, promises, expectations and conditions, oral or written, between the Parties are incorporated herein. Other than the express commitments set forth in this Agreement, Trails gives no warranties of any kind, express or implied, to either the Sponsor/Parent/Guardian or the Client concerning the Program; and Sponsor/Parent/Guardian acknowledges that Sponsor/Parent/Guardian is not relying on any warranties or representations of any kind other than the express commitments of Trails set forth herein. This section shall survive the termination of this Agreement.

31. **BINDING EFFECT.** This Agreement may not be assigned by the Sponsor/Parent/Guardian/Client. Notwithstanding the foregoing, This section shall survive the termination of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below.

_____ / _____ / _____
Parent/Sponsor/Guardian Signature        Date        Client Signature        Date

_____ / Program Director / 3/2/2021
Accepted by Trails Momentum Staff        Title        Date